IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| VICKI A. LINDSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:11CV447–HEH |
| | ) |
| HIGHWOODS REALTY LIMITED | ) |
| PARTNERSHIP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Plaintiff's Motion to Remand)

This premises liability action is presently before the Court on Plaintiff's Motion to Remand (Dk. No. 14), filed on August 11, 2011. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, the motion will be denied.

I.

Vicki Lindsey ("Plaintiff") entered into a sublease agreement in January 2005 to lease office space in a building owned by HRLP NC-VA, LP (formerly Highwoods Realty Limited Partnership) and managed by Highwoods Realty, Inc. (collectively "Highwoods"). In July 2008, Plaintiff allegedly entered the office space after hours and smelled a "strange gaseous odor" on the first floor. She also observed a number of dead insects within the building. (Notice Removal Ex. A at 2–3.)

In late July or early August, Plaintiff asserts that she began to experience a number of adverse health symptoms. Plaintiff eventually hired a certified laboratory on December 8, 2008 to conduct environmental testing in her building. The laboratory allegedly confirmed the presence of the organophosphate herbicide S,S,S' tributyl phosphorothrithioite, commonly referred to as merphos. According to Plaintiff, this compound has been banned from legal sale and use as a pesticide by the Environmental Protection Agency. *Id.*

Plaintiff further alleges that in July 2008, Western and John Doe #1, acting on behalf of Highwoods, applied the pesticides in the building where Plaintiff rented office space. *Id.* As a result of this application, Plaintiff alleges that she sustained a number of health injuries.

Plaintiff then filed a complaint on June 23, 2010, against defendants Highwoods Realty Limited Partnership, HRLP NC VA, L.P., and Highwoods Properties. An unnamed defendant, John Doe #1, was also named as a defendant.

On July 29, 2010, Plaintiff filed an amended complaint adding Western Industries-South, LLC as a party defendant and requesting that the amendment relate back to June 23, 2010, the date of the original complaint. The Circuit Court of the City of Richmond granted this request in an Order dated July 29, 2010. *Id.* at 8.

Plaintiffs then waited until June 23, 2011, to serve Defendants. Following service, Highwoods promptly filed a Notice of Removal with this Court on July 13, 2011, premised on diversity of citizenship. The following day, July 14, 2011, Western filed a consent order to the removal.

2

On August 11, 2011, Plaintiff filed a motion to remand, contending that Defendants failed to demonstrate complete diversity of the parties and failed to timely file the notice of removal. Plaintiff asserts that removal occurred more than one year after the commencement of the action (*i.e.* the date on which the original complaint was filed), thereby failing to meet the requirements set forth in 28 U.S.C. § 1446(b).

## II.

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction". This requires that the federal district court possess subject matter jurisdiction over the action. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Because federal courts are of limited rather than general jurisdiction, there is no presumption favoring the existence of federal subject matter jurisdiction. *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S 375, 377, 114 S. Ct. 1673, 1675 (1994). The party seeking removal bears the initial burden of establishing federal jurisdiction. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37 (1921)). Indeed, because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Consequently, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.*

In addition to satisfying the jurisdictional requirement, a party seeking removal must satisfy the procedural restrictions set forth in 28 U.S.C. § 1446(b).

3

The first paragraph of 28 U.S.C. § 1446(b) requires a party filing a notice of removal to do so "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

The second paragraph of § 1446(b) outlines the filing requirements for cases where the initial pleading in state court is not removable at the time of filing. Specifically, the statute dictates that in such circumstances:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

### III.

In her motion to remand, Plaintiff contends that Defendants have failed to carry their burden of establishing federal jurisdiction due to the existence of an unidentified defendant, John Doe, whose citizenship has not been ascertained. Plaintiff also asserts that removal of this action was improper because Defendants failed to file a notice of removal within one year after Plaintiff filed her initial complaint. (Br. Supp. Pl.'s Mot. Remand State Ct. [hereinafter Pl.'s Mot.] at 1.) The Court will address these two issues in turn.

*A.*

In removing the case to federal court, Defendants maintain that this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. According to the statute, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,0000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a). In cases of removal based on diversity jurisdiction, 28 U.S.C. § 1441 explicitly provides that "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

In the present case, Defendants assert in the Notice of Removal that Plaintiff is a resident of the Commonwealth of Virginia. (Notice Removal at ¶ 7). In contrast, the named defendants are all incorporated and have principal places of business in various states outside of the Commonwealth of Virginia. (*Id.* at ¶ 8–11). While Plaintiff may contend that "there are sufficient reasons to believe that John Does is a citizen of Virginia," this argument is unpersuasive in light of 28 U.S.C. § 1441(a). As a fictitiously named defendant, the alleged citizenship of John Doe must be disregarded. Defendants have therefore met their burden in establishing diversity jurisdiction.

*B.*

The second question before the Court concerns whether the Defendants filed a timely notice of removal pursuant to 28 U.S.C. § 1446. It is undisputed that Defendants filed their notice of removal within thirty days after receipt of service. It is also undisputed that Defendants removed the case over a year after Plaintiff filed her original complaint. Furthermore, as the Court previously asserted, the

citizenship of a defendant sued under a fictitious name must be disregarded for purposes of diversity. Thus, diversity jurisdiction was present at the time the original complaint was filed.

The resolution of this matter consequently turns on the interpretation of the second paragraph of 28 U.S.C. § 1446(b), which bars removal of certain diversity cases one year after the initial commencement of the action. The "latent ambiguity of [28 U.S.C. § 1446(b)] is whether the one-year limitation on removal applies to all diversity cases, or only to those cases that were not removable as stated in the initial pleading." *King v. Flinn & Dreffein Eng'g Co.*, 675 F. Supp. 2d 642, 644 (W.D. Va. 2009).

In urging the Court to apply the one-year limitation, Plaintiff essentially asks the Court to read the final clause of § 1446(b) as applying to both the first and second paragraphs of subsection (b). Employing such an interpretation would serve as an absolute bar to the removal of *all* diversity actions commenced over a year prior to removal, not just those actions that could not initially be removed.

Although the potential ambiguity of this subsection has not been definitively resolved by the Fourth Circuit, *see Lovern v. GMC*, 121 F.3d 160, 163 (4th Cir. 1997),[1] district courts within the Fourth Circuit have concluded that while

---

[1] In *Lovern*, the Fourth Circuit describes the one-year limitation as an "absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than 1 year after the commencement of the action." 121 F.3d at 163. The "absolute bar" language suggests that § 1446 may be considered jurisdictional. The facts of *Lovern*, however, differ from the present case. In *Lovern*, the two parties were diverse at the time the initial complaint was filed, but the pleading did not provide the residence of the plaintiff, and defendant did not receive any information on the Plaintiff's residence until over 50 days after the complaint was filed. The

6

"[t]he text of the statute [is] technically susceptible to a different interpretation, [it] is most sensibly understood as applying the one year limitation on removal only to those cases which are not initially removable." 675 F. Supp. 2d at 645; *see also Pair v. Welco-CGI Gas Techs., LLC*, No. 3:10cv388, 2010 WL 4279409, at *2–3 (E.D.Va. Oct. 19, 2010). Drawing on the reasoned approaches of courts outside the jurisdiction, district courts within the Fourth Circuit have relied on the plain language of the statute, as well as policy rationales for limiting the statute's application.

Turning first to the statutory text itself, the second paragraph of § 1446(b) is a single, lengthy sentence beginning with the phrase: "If the case stated by the initial pleading is not removable . . . ." The sentence ends with the qualifying clause which imposes the one year limitation. "Based on the ordinary language usage, the qualifying clause of the one year limitation can only be interpreted to modify the antecedent clause to which it is attached, and not previous sections of the text." 675 F.Supp.2d at 645 (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534–35 (6th Cir. 1999) (internal quotations omitted). Thus, the second paragraph limits itself to those cases where the initial pleading is not removable. With such an "eminently reasonable" interpretation at hand, no reason exists to "twist [the] ordinary language usage and rules of grammar in order to preclude removal." *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139

---

Fourth Circuit ultimately held that "the statute does not preclude defendants from removing a case where their discovery of the ground of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." *Id.* at 162.

7

F.3d 1313 (9th Cir. 1998), cert. denied, 525 U.S. 963, 119 S. Ct. 407, 142 L. Ed. 2d 330 (1998)).

Furthermore, this analysis enjoys abundant support in decisions by the Fifth, Sixth, Seventh, Eighth, Ninth and Eleventh Circuits. *See N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998) ("Courts applying the one-year limitation to the first paragraph of Section 1446(b) can do so only by distorting its ordinary meaning."); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624 (7th Cir. 2007); *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998) ( "if Congress had intended the except clause to apply to both paragraphs of § 1446(b), it could easily have accomplished that result without requiring readers of the statute to rely on exotic grammatical usage."); *Carter v. Frito-Lay, Inc.*, 144 Fed. Appx. 815, *2 (11th Cir. 2005).

Plaintiff relies on two district court decisions from the Fourth Circuit in support of applying the one year limitation broadly. *See US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F.Supp.2d 699 (E.D.Va. 2004); *O'Quinn v. CNH America, LLC*, 457 F.Supp.2d 678 (E.D.Va. 2006). These decisions, however, depart from the present case in that they were not removable at the time they were filed;[2] therefore, they clearly fell within the purview of the second paragraph of § 1446(b) and the one year limitation.

---

[2] In *US Airways*, the defendant attempted to remove the case within 30 days of learning that the non-diverse plaintiff had merged into the diverse plaintiff. The removal, however, was filed over a year after the action had commenced. 340 F.Supp.2d 699, 704–05 (E.D.Va. 2004). Similarly, *O'Quinn*, involved fraudulently joined non-diverse defendants. 457 F.Supp.2d 678, 680 (E.D.Va.2006).

While a plain reading of the statute "conclusively determines the correct interpretation, . . . the close correspondence of this interpretation with the broader policy behind removal" buttresses the Court's construction. 675 F.Supp.2d. at 642. In examining the policy rationale behind removal, the Fourth Circuit has posited that "[r]ather than favoring plaintiffs or defendants, . . . the removal procedure is intended to be fair to both plaintiffs and defendants alike." *McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 927–28 (4th Cir. 1992). As in *McKinney*, adopting the statutory construction urged by Plaintiff would enable the rights of the defendants to be "rather easily overcome by tactical maneuvering by plaintiffs." *Id.* In other words, Plaintiff's interpretation of the second paragraph of § 1446(b) "would permit every plaintiff to block removal of any diversity case by withholding service on the defendant until one year after the filing of the complaint." 675 F.Supp.2d at 646. The Fourth Circuit has made clear that Congress did not intend this outcome, and this Court will not sanction such a result.

The core policy goal inspiring the inclusion of the one year limitation in § 1446(b) further supports the Court's interpretation. As discussed by the Fifth Circuit in *Deshotel*, Congress exclusively included the second paragraph of §1446(b) to reduce opportunities for removal after considerable progress has been made in state court. 142 F.3d at 886 (citing H.R. REP. NO. 100-889 (1988)). This issue does not arise in cases, including the matter before this Court, which are removable from the outset. In such cases, the first paragraph of § 1446(b) operates to ensure timely notice of removal within thirty days from receipt of service. Certainly these issues are not implicated in the

9

present case, where no progress has been made in Virginia state courts, and where Defendants timely removed the case following receipt of service.

In sum, by properly ignoring the fictitiously named John Doe, this case was removable at the time of commencement. Defendants filed their notice of removal within thirty days of service. Therefore, Defendants fully complied with the procedural requirements of § 1446(b).

### IV.

For the reasons stated above, Plaintiff's Motion to Remand will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                        /s/
                            Henry E. Hudson
                            United States District Judge

Date: Sept 22, 2011
Richmond, VA