IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VICKI A. LINDSEY,                  )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No. 3:11CV447–HEH
                                   )
HIGHWOODS REALTY LIMITED           )
PARTNERSHIP, *et al.*,             )
                                   )
            Defendants.            )

## MEMORANDUM OPINION
### (Denying Defendant's Motion for More Definite Statement or, in the Alternative, to Dismiss the First Amended Complaint, and to Correct the July 29, 2010 Order)

This premises liability action is presently before the Court on Defendant's Motion

for More Definite Statement or, in the Alternative, to Dismiss the First Amended

Complaint and to Correct the July 29, 2010 Order (Dk. No. 9). The Court will dispense

with oral argument because the facts and legal contentions are adequately presented in

the materials before the Court, and oral argument would not aid in the decisional process.

For the reasons stated below, the Defendant's Motion to Correct the July 29, 2010 Order

is denied. As a result, Defendant's Motion for More Definite Statement, or in the

Alternative, to Dismiss the First Amended Complaint is denied as moot.

### I.

Vicki Lindsey ("Plaintiff") entered into a sublease agreement in January 2005 to

lease office space in a building owned by HRLP NC-VA, LP (formerly Highwoods

Realty Limited Partnership) and managed by Highwoods Realty, Inc. (collectively

"Highwoods"). In July 2008, Plaintiff allegedly entered the office space after hours and smelled a "strange gaseous odor" on the first floor. She also observed a number of dead insects within the building. (Notice Removal Ex. A at 2–3.)

In late July or early August, Plaintiff asserts that she began to experience a number of adverse health symptoms. Plaintiff eventually hired a certified laboratory on December 8, 2008, to conduct environmental testing in her building. The laboratory allegedly confirmed the presence of the organophosphate herbicide S,S,S'-tributyl phosphorothrithioite, commonly referred to as merphos. According to Plaintiff, this compound has been banned from legal sale and use as a pesticide by the Environmental Protection Agency. *Id.*

Plaintiff further alleges that in July 2008, Western Industries-South, LLC ("Western") and John Doe #1, acting on behalf of Highwoods, applied the pesticides in the building where Plaintiff rented office space. *Id.* As a result of this application, Plaintiff alleges that she sustained a number of health injuries.

Plaintiff filed a complaint on June 23, 2010, in the Circuit Court of the City of Richmond against defendants Highwoods Realty Limited Partnership, HRLP NC-VA, L.P., and Highwoods Properties. An unnamed defendant, John Doe #1, was also named as a defendant. Although Plaintiff's initial Complaint included Western in the body of the complaint, it failed to include Western as a named defendant in the style of the Complaint.

On July 15, 2010, Plaintiff filed a Motion to Amend Complaint with the Circuit Court for the City of Richmond requesting that the style of the original complaint be

amended to include Western as a named defendant. Plaintiff also requested that the amendment relate back to June 23, 2010, the date the initial Complaint was filed. The Circuit Court of the City of Richmond granted this request in an order dated July 29, 2010. *Id.* at 8. Plaintiffs waited until June 23, 2011, to serve Defendants. Following service, Highwoods promptly filed a Notice of Removal with this Court on July 13, 2011, premised on diversity of citizenship. The following day, July 14, 2011, Western filed a consent order to the removal.

After removing the case to this Court, Defendant, Western, filed the instant Motion for More Definite Statement or, in the Alternative, to Dismiss the First Amended Complaint, and to Correct the July 29, 2010 Order. Specifically, Western contends that the Plaintiff's Amended Complaint fails to adequately allege the time of Western's misconduct and Plaintiff's injury. As a result, Western cannot assess whether it may raise a statute of limitations defense. Additionally, Western argues that pursuant to Rule 60 of the Federal Rules of Civil Procedure, this Court should strike the portion of the Circuit Court's Order allowing Plaintiff's amended complaint to relate back to the original filing date. Because this Court's decision regarding the correct filing date impacts the necessity of a more definite statement, the Court will address Western's motion to correct the Circuit Court's order first.

## II.

Under 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States ... all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or

3

modified by the district court." *See Granny Goose Foods, Inc. v. Teamsters Local No. 70*, 415 U.S. 423, 437, 94 S.Ct. 1113 (1974) ("Section 1450 ... recogniz[es] the district court's authority to dissolve or modify injunctions, orders, and all other proceedings had in state court prior to removal notwithstanding state court orders issued prior to removal."); *Wright & Kane, Federal Practice & Procedure: Federal Practice Deskbook* § 42 (2002) ("The orders of the state court are not conclusive, but they are binding until set aside.").

Once a "notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in the federal court." *Holmes v. AC & S, Inc.*, 388 F. Supp.2d 663, 667 (E.D.Va. 2004); *see also, In re Diet Drugs*, 282 F.3d 220, 231-32 (3d Cir. 2002) ("After removal, interlocutory orders of the state court are transformed into orders of the court to which the case is removed."); *Resolution Trust Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1316 (5th Cir.1992) ("A prior state court order in essence is federalized when the action is removed to federal court."); *Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 79 (9th Cir.1979) ("[T]he federal court ... treats everything that occurred in the state court as if it had taken place in federal court.") (internal quotation marks omitted). As a result, federal procedural rules govern an action after removal. *See, e.g., Granny Goose Foods, Inc.*, 415 U.S. at 437, 94 S.Ct. at 1123 ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal"); *Resolution Trust Corp.*, 958 F.2d at 1316 ("Federal procedure

4

governs the enforcement of a prior state court order in a case removed to federal court.");

*Preaseau*, 591 F.2d at 79 ("[T]he federal rules apply after removal.")

Removal of a case from state to federal court neither nullifies a state court action, nor precludes the federal court from taking further steps that it could have taken if the case had originated there. Thus, this Court must determine, given the particular posture of this case upon removal, whether it would be properly within this court's authority to modify the instant July 29, 2010 order, assuming that the case had been initiated in federal court. *See Holmes*, 388 F.Supp.2d at 668.

Treating the order as if it had originated in this Court, Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake." Fed. R. Civ. Pro. 60(b)(1). The Fourth Circuit has suggested, but not decided, that a "mistake" encompasses a "mistake of law by the court itself apparent on the face of the record . . . ." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 104 (4th Cir.1979); *see also Malagrida v. Holland*, 19 F.3d 1429 (table), No. 93-1381, 1994 U.S. App. LEXIS 5158, at *11-12, 1994 WL 89336, at *4 (4th Cir.1994) (unpublished) (explaining the Fourth Circuit has yet to address the issue and finding that the case before the court did not require a decision on the issue).

As the court in *Malagrida* noted, however, other circuits are split on this issue. The First and Seventh Circuits require errors of law to be handled on appeal, while the Ninth Circuit permits errors of law to be addressed under Rule 60(b)(1). In contrast, the Sixth and Second Circuits take the middle ground, permitting errors of law to be corrected under Rule 60(b)(1) if the motion is made within the time for appeal of the final

judgment. *See Malagrida*, 1994 U.S. App. LEXIS 5158, at *11-12, 1994 WL 89336, at *4. The Fourth Circuit has stated, however, that "[w]here the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir.1982).

Relying on Fourth Circuit precedent, this Court is not convinced that Western has requested this Court to do anything more than "change its mind"; or in this case, review the substantive decision of the Circuit Court. Thus it is unclear whether this Court even has the authority to grant the relief requested by Western. In any event, however, a review of the applicable procedural law convinces this Court that had the case been originally filed in this Court, it would have reached the same outcome as the Circuit Court.

Under the Federal Rules of Civil Procedure, Rule 15 provides a vehicle for parties to amend their pleadings. In certain cases, an amended pleading may relate back to the date the original pleading was filed. The relevant portion of Rule 15(c) provides that:

> An amendment of a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, . . . if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it but for the mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). As stated by the Fourth Circuit, the requirements of Rule 15 "reflect a subtle and complex compromise of two competing policies." *Goodman v. Praxair*, 494 F.3d 458, 467 (4th Cir. 2007). On the one hand, the Federal Rules favor

6

liberal amendment to pleadings. On the other hand, however, the statute of limitations are "legislative determinations that give defendants predictable repose from claims after the passage of a specified time, and the court must, in recognition of the separation of powers, hesitate to extend or ignore them for judicially created reasons." *Id.* Thus, in light of these conflicting policies, "Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the polices of the statute of limitations have been effectively served." *Id.*

In the instant case, Plaintiff made a simple clerical error by failing to include Western as a named defendant in the style of the complaint. Although the original complaint inadvertently omitted the defendant from the style, the body of the complaint explicitly included Western under the heading "parties", as well as in various other sections. The paragraphs constituting the counts of the complaint also clearly included Western as a liable party. Furthermore, Plaintiff corrected the error just two weeks after filing the initial complaint, months prior to serving any of Defendants. Consequently, Western received formal notice of the institution of the action on the same date as the remaining Defendants. (Pl.'s Br. Opp'n Def. Mot. Definite Statement at 5.)

Thus, under the terms of Rule 15(c), Western received notice of the action within the time period reserved for serving the summons and complaint. Furthermore, Western failed to provide any concrete evidence of prejudice it has suffered as a result of this two-week delay. Therefore, the Circuit Court correctly concluded that Plaintiff's amendment

7

should relate back to the original date of filing.[1]  For these reasons Western's motion to correct the July 29, 2010 order is denied.

## III.

Turning next to Western's motion for a more definite statement of the facts, or in the alternative to dismiss the complaint, Western compels Plaintiff to specify in greater detail the dates on which the alleged chemical exposure and injuries occurred.  (Def. Br. Supp. Mot. Def. Statement [hereinafter "Def. Br."] at 4.)  According to Western, it cannot ascertain whether the applicable statute of limitations bars Plaintiff's complaint.  Based on the Court's decision to follow the July 29, 2010 order entered by the Circuit Court, however, Western's request is unnecessary and the motion is subsequently denied as moot.

As conceded by Western, the Virginia Code provides a two year statute of limitations for personal injury to a person.  *See* Va. Code § 8.01-243(A).  Plaintiff alleges that her exposure to chemicals occurred sometime in July 2008, and she began to experience symptoms in late July or early August 2008.  (Def. Br. at 4-5).  Thus the applicable statute of limitations began to run in July 2008.  Plaintiff filed her complaint

---

[1] Even applying Virginia procedural law, Western has failed to show that the Circuit Court erred in granting the July 29, 2010 order.  Western cites Virginia Code § 8.01-6.1, which states that "[a] misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party or its agent received notice of the institution of the action, (iii) that party will not be prejudiced in maintaining a defense on the merits, and (iv) that party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that party." The present case, however, does not neatly fit within the term "misnomer", as the body of Plaintiff's complaint clearly named Western. Additionally, Western had notice of the suit within the limitations period because it was included in the body of the complaint, and was served at the same time as all other defendants in the case.

on June 23, 2010, prior to the July 2010 expiration of the statute of limitations.  Although

Plaintiff subsequently amended her complaint to include Western in the style, the Circuit

Court ordered the date of the amended complaint to relate back to the initial filing on

June 23, 2010.  Based on this Court's decision to respect the order of the Circuit Court,

Plaintiff unequivocally filed her complaint within the statute of limitations.  Therefore,

Western's motion for a more definite statement or in the alternative to dismiss the first

amended complaint is denied as moot.

IV.

For the reasons stated above, Western's Motion to Correct the July 29, 2010 Order

is denied.  As a result, Western's Motion for More Definite Statement, or in the

Alternative to Dismiss the First Amended Complaint is denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: **Nov. 4, 2011**
Richmond, VA